FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2022 FEB 17 AM 11: 17

Fort Myers Division

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

2110 First Street, Fort Myers, Florida 33901.

Don Bryant,

Petitioner,

v.                                    Case No.: 22CV109-SPC-MRM

SHEVAUN HARRIS, Secretary,

Florida Department of Children and Families

Respondent..

---

### PRO SE PETITION FOR WRIT OF HBEAS CORPUS

---

**COMES NOW**, the Petitioner, pursuant to 28 U.S.C. §2241 and submits the following:

#### STATEMENT OF THE CASE AND FACTS

1. Petitioner committed a sexual battery and kidnapping offense in the year 1983, in Miami-Dade County, Florida and after completing his prison sentence he was referred for civil commitment but was acquitted by a jury in the year 2006.

2. Petitioner was subsequently arrested and convicted for possession of ammunition in the year 2008 and Miami-Dade Circuit Court filed a new petition for involuntary civil commitment, *although his new conviction was not for a sex offense.*

3. Petitioner filed a petition for writ of habeas corpus at the Twelfth Judicial Circuit Court of DeSoto County, Florida because his current detention at the Florida Civil Commitment Center in Arcadia, Florida *is without authorization under the color of law.*

RECEIVED
FEB 16 2022
By: LC

4.     Moreover, Miami-Dade had 20 years to bring forth a civil commitment as a civil action under §§ 95.011 and 95.11 (1), *Florida Statutes,* utilizing the 1983 sexual battery conviction *and said time has elapsed.*

5.     The order being challenged herein was entered by the Honorable Don T. Hall of the Twelfth Judicial Circuit on March 4, 2021, under case number 2021-CA-215, and was subsequently affirmed by the Florida Second District Court of Appeal on October 1, 2021, under case number 2D21-985, finding that § 95.11 (1), of the Florida Statutes of Limitations *doesn't apply to involuntary civil commitment actions.*

## ARGUMENT

THE TWELFTH JUDICIAL CIRCUIT COURT OF DESOTO COUNTY, FLORIDA ERRED BY DENYING PETITIONER'S PRO SE PETITION FOR WRIT OF HABEAS CORPUS THAT PROVED THAT THE CIRCUIT COURT OF MIAMI-DADE COUNTY FLORIDA *LACKS SUBJECT MATTER JURISDICTION* TO CIVILLY COMMIT HIM DUE TO THE FACT THAT THE CIVIL ACTIONS STATUTE OF LIMITATIONS HAS EXPIRED.

6.     This cause came before the Circuit Court of the Twelfth Judicial Circuit on Petitioner's Pro Se Petition for a Writ of Habeas Corpus that was received by the Clerk of DeSoto County Court and initially filed as case number 2021-CA-215.

7.     The order being challenged herein was entered by the Honorable Don T. Hall of the Twelfth Judicial Circuit on March 4, 2021, and was subsequently affirmed by the Florida Second District Court of Appeal on October 1, 2021, under case number 2D21-985, finding that § 95.11 (1), of the Florida Statutes of Limitations *doesn't apply to involuntary civil commitment actions*; although a civil commitment pursuant to § 95.011, *Florida Statutes,* is civil actions commenced by the state or its

agents. See *Westerheide v. State*, 831 So. 2d 93; 2002 Fla. LEXIS 2176; 27 Fla. L. Weekly S 866b; No. SC00-212, Decided October 17, 2002.

8. The petition to have Don Bryant involuntary civilly was filed after 20 years from the date of his 1983 sexual battery conviction, thus barred by the statute of limitations and rendering any civil action under the Jimmy Ryce Act, *barred due to lack of jurisdiction.*

9. Any legal action concerning *same subject matter* regardless of lack of knowledge by the person sought to be held liable is subject to the laches doctrine of chapter 95.11, Limitations of actions of the Florida Statutes. See § 95.011 *Florida Statutes*, (Applicability):

> "A civil action or proceeding, called action in this chapter, including one brought by the state, a public officer, a political subdivision of the state, a municipality, a public corporation or body corporate, or any agency or officer of any of them, or any other governmental authority, shall be barred unless begun within the time prescribed in this chapter or, if a different time is prescribed elsewhere in these statutes, within the time prescribed elsewhere."

10. Actions other than for the recovery of real property shall be commenced as follows:

> *Within 20 years* — An action on a judgement or decree of any court of record in this state (Fla. Stat. §95.11 (1));

> Within 5 years — An action on a judgement or decree of any court, not of record in this state or any court in the United States, any other state or territory in the United States, or foreign country (Fla. Stat. §95.11 (2));

> For actions that are not specifically provided elsewhere in the statute the time limitation is 4 years (Fla. Stat. §95.11 (3) (a) (p));
>
> After expiration, latches shall bar any action concerning the same subject matter (Fla. Stat. §95.11 (6));
>
> But in relation to sexual battery involving a victim who was under age 16 — an action related to an act constituting a violation of § 794.011 (sexual battery) involving a victim who was under the age of 16 at the time of the act may be commenced at any time. ***This subsection applies to any such action other than one which would have been time barred on or before July 1, 2010***, (Fla. Stat. §95.11 (9)).

11. The prosecution of the instant case is barred by *Florida Statutes* § 95.11 (1), (6), and (9); Fla. Const. Art 1§ 9; and the U.S. Const. 14th Amend.

12. The State of Florida *does not have jurisdiction* to civilly commit this Petitioner under the Jimmy Ryce Act because the statute of limitations (§95.11(1)) expired when the SVP petition was filed. See *Young v. McKenzie*, 46 So. 2d 184 (Fla. 1950) (After a judgment of a court is 20 years of age, no action upon it may be commenced.); *Florida Statutes* § 95. 11 (1) (A civil action or proceeding on a judgment or decree of a court of record is 20 years.); *Miller v. Anheuser Bush, Inc.*, 348 Fed Appx. 547 (11th Cir. 2009) (Since Fla. Stat. § 540.08 does not provide its own limitation period; claims under the statute are governed by the catchall provisions or limitations period of Fla. Stat. §95.11.); *State v. McBride*, 848 So 2d 295 (Fla. 2003) (A manifest injustice apparent from the face of the records can be raised at any time and is not procedurally barred by procedural default or collateral estoppel or res judicata.); and *United States v. Peters*, 310 F 3d 709 (11th Cir. 2002) (At any time, jurisdictional issue can be raised as fundamental error and the doctrine of procedural default does not apply.)

## CONCLUSION

**WHERFORE**, based on the foregoing facts and laws, the holding of the State Court(s) must be reversed and remanded with directions that a writ of habeas corpus be issued for the immediate discharge of the Petitioner.

## VERIFICATION OF DOCUMENT

**STATE OF FLORIDA**
**COUNTY OF DESOTO**

If executed within the United States, its territories, possessions, or commonwealths: I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Title 28 U.S.C § 1746 and Fla. Stat. § 92.525.

Executed on: _John Smyut_          /s/ _2/16/21_

Florida Civil Commitment Center,
13619 S.E Hwy 70,
Arcadia, FL 34266.
Petitioner Pro se.